IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CURTIS L. SCHOONOVER,

    **Plaintiff,**

    v.

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,

    **Defendant.**

Case No. 12-1469-JAR

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion for Approval of Attorney's Fees (Doc. 31), which seeks attorney's fees in the amount of $21,373.00 pursuant to 42 U.S.C. § 406(b). Defendant does not object, but asks the Court to award reasonable fees. For the following reasons, the Court grants in part Plaintiff's motion for attorney's fees and awards reasonable attorney's fees of $16,720.00. The Court also orders Plaintiff's counsel, David H.M Gray, to refund to Plaintiff the smaller fee amount ($7,753.06) that he received under the Equal Access to Justice Act ("EAJA") after Mr. Gray receives his $16,720.00 in attorney's fees from the Commissioner. Thus, Mr. Gray will be paid a net $8,966.94 in attorney's fees.

**I.    Background**

Plaintiff retained counsel on or about May 5, 2009, entering into a contingent-fee agreement of 25% of all retroactive benefits. After Plaintiff's claim was denied at all administrative levels, Plaintiff sought judicial review in this Court. This Court reversed the decision of the Commissioner, and remanded the case to the Commissioner. This Court also awarded attorney's fees under the EAJA in the amount of $7,753.06.

Upon remand, Plaintiff was found disabled as of November 15, 2005. The Commissioner awarded Plaintiff total retroactive benefits of $85,492.00 and withheld 25%, $21,373.00, for attorney's fees.

The Commissioner has responded to Plaintiff's Motion for Approval of Attorney's Fees, not opposing the motion, but asking the Court to order a reasonable fee not to exceed 25% of the award of past due benefits ($21,373.00) and to order Mr. Gray to refund the EAJA fees ($7,753.06) to Plaintiff.

## II.   Legal Standard

Title 42 U.S.C. § 406(b) provides that "[w]henever a court renders a judgment favorable to a claimant . . . the court may determine and allow as part of its judgment a reasonable [attorney] fee . . . not in excess of 25 percent of the total of the past-due benefits." This statute allows courts to award fees based on a contingent-fee agreement, but the court must act as an independent check on such agreements to assure that they satisfy the statutory requirement of yielding a reasonable result in particular cases.[1] Fees may be awarded when a plaintiff is awarded past due benefits after the court has remanded for further administrative proceedings.[2] The amount of the fee award is left to the Court's sound discretion.[3]

In determining whether or to what extent the contingent fee agreement is reasonable, the Supreme Court has directed courts to consider several factors in determining whether the fee award should be reduced.[4] The court should consider whether: (1) the representation was

---

[1] *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

[2] *McGraw v. Barnhart*, 450 F.3d 493, 503 (10th Cir. 2006).

[3] *Id.* at 505.

[4] *See Gisbrecht*, 535 U.S. at 808.

substandard; (2) the attorney was responsible for delay; and (3) the benefits are large in comparison to the amount of time counsel spent on the case.[5]

**III.    Discussion**

Applying the *Gisbrecht* factors, the Court concludes that the requested attorney's fees of $21,373.00, which is 25% of the award of past-due benefits, is not reasonable.  First, after representing Plaintiff for seven years,[6] counsel obtained a favorable result for Plaintiff—ten years of past-due benefits.  And, the Court finds no evidence that counsel was responsible for any delay in this case.  But, the Court has reviewed the time records counsel submitted, which show that he spent 41.80 hours working on this case in this Court.  Thus, the requested fee is an effective hourly rate of $511.32.  This represents an hourly rate that exceeds the high range of § 406(b) fees awarded by the Tenth Circuit[7] and judges in this district.[8]

Moreover, although counsel has the burden of persuasion on his fee request, counsel's affidavit does not state what his normal hourly fee is.[9]  So, the Court's determination of the reasonableness of the effective hourly rate requested is impeded.  The Court notes that this counsel has in the past represented his hourly fee for non-complex cases to be $175.00, but that

---

[5] *Id.*

[6] Counsel did not represent Plaintiff for 17 years as he asserted in his brief.  Doc. 31-1 at 2.

[7] *See, e.g.*, *Russell v. Astrue*, 509 F. App'x 695, 696–97 (10th Cir. 2013) (affirming the district court's reduction of fees from $17,184.10 to $11,884.10, which represented an effective hourly rate of $422.92, midway between counsel's normal hourly rate of $275 and the effective hourly rate of $611 that the requested $17,184.10 would have rendered).

[8] *See Duff v. Colvin*, No. 13-2466-DDC, 2016 WL 3917221, at *2 (D. Kan. July 20, 2016) (approving fees that represented an hourly rate of $358.50); *Roland v. Colvin*, No. 12-2257-SAC, 2014 WL 7363016, at *1 (D. Kan. Dec. 23, 2014) (approving fees at an effective hourly rate of $346.28); *Bryant v. Colvin*, No. 12-4059-SAC, 2014 WL 7359023, at *1 (D. Kan. Dec. 23, 2014) (approving fees at an effective hourly rate of $418.28); *Vaughn v. Astrue*, No. 06-2213-KHV, 2008 WL 4307870, at *1–2 (D. Kan. Sept 19, 2008) (finding a fee with an effective hourly rate of $965.24 was "exorbitant" and reducing the award to an effective hourly rate of $344.73); *Smith v. Astrue*, No. 04-2196-CM, 2008 WL 833490, at *2 (D. Kan. Mar. 26, 2008) (finding an effective hourly rate of $389.61 within the range of hourly rates in similar cases in this district).

[9] *See Scherffius v. Astrue*, 296 F. App'x 616, 620 (10th Cir. 2008) (noting that the movant attorney has burden of persuasion regarding fee amount and should have stated his normal hourly fee).

was nine years ago.[10]  Furthermore, counsel's time records reflect that he spent 41.80 hours on this case.  That is on the high side of the range of time expended in representing social security disability plaintiffs in this district, even for long-term representations.[11]

Consistent with *Gisbrecht*,[12] this Court is mindful that it should not award "windfalls for lawyers" such that when "the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order."[13]  Thus, having considered the relatively long period of time spent on the case, but recognizing that counsel represented Plaintiff for seven years and obtained a favorable result of ten years of past-due benefits, the Court finds that the 41.80 hours worked is reasonable.  On the other hand, the requested effective hourly rate of $511.32 is unjustifiably high, and the Court reduces the rate to $400 per hour.  Therefore, the Court will award fees in the amount of $16,720.00.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Plaintiff's Motion for Attorney's Fees (Doc. 31) is granted in part. Plaintiff's attorney, David H.M. Gray, is entitled to $16,720.00 in fees under 42 U.S.C. § 406(b).  The Commissioner shall pay the fees from the amount which she is withholding from plaintiff's past due benefits.  The Commissioner shall pay the remainder of the withheld benefits to Plaintiff.

---

[10] *See Robbins v. Barnhart*, No. 04-1174-MLB, 2007 WL 675654, at *1–3 (D. Kan. Feb. 28, 2007) (finding that counsel David H.M. Gray represented that his normal hourly rate for non-complex cases was $175, and the court awarded a fee of $22,785 based on 112.85 hours of work, at an effective hourly rate of $201.91, in an "extensive and tortuous" six-year course of representation that ended in a remand for an immediate award of benefits).

[11] *See Russell*, 509 F. App'x at 696 (deciding counsel spent 28.1 hours); *Duff*, 2016 WL 3917221, at *2 (concluding counsel spent 34.3 hours); *Roland*, 2014 WL 7363016, at *1 (observing that counsel spent 30.5 hours); *Smith*, 2008 WL 833490, at *2 (concluding counsel spent 38.5 hours representing the plaintiff over the course of 10 years).  *But see Strong v. Colvin*, No. 12-4120-DDC, 2015 WL 7451176, at *2–3 (D. Kan. Nov. 23, 2015) (approving an effective hourly rate of $793.31 on the basis that counsel was highly experienced, practiced only Social Security disability law, and expended only 16.5 hours, much fewer hours than is typically spent by less experienced counsel).

[12] *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).

[13] *Id.*

**IT IS FURTHER ORDERED THAT** Plaintiff's counsel, David H.M. Gray, shall refund to Plaintiff $7,753.06, which he received as fees under the EAJA, after he receives $16,720.00 in attorney's fees from the Commissioner.

**IT IS SO ORDERED.**

Dated: December 15, 2016

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
